Case No. 12-4248

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

RICK SLORP

Plaintiff-Appellant

v.

LERNER, SAMPSON & ROTHFUSS, et al.

Defendants-Appellees.

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

District Court Case No. 2:12-cv-498

---

## BRIEF OF PLAINTIFF-APPELLANT RICK SLORP

---

Troy J. Doucet (0086350)
DOUCET & ASSOCIATES, INC.
4200 Regent Street; Suite 200
Columbus, Ohio 43219
(614) 944-5219 Phone
(818) 638-5548 Fax
troy@troydoucet.com

*Attorney for Plaintiff-Appellant*

## STATEMENT OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Appellant Rick Slorp makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publically owned corporation? If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

   No.

2. Is there a publically-owned corporation, not a party to the appeal, that has a financial interest in the outcome?

   No.

*/s/ Troy J. Doucet*

Troy J. Doucet (0086350)

Date: May 20, 2013

# TABLE OF CONTENTS

**STATEMENT OF CORPORATE AFFILIATIONS AND**
**FINANCIAL INTEREST**                                                                 ii
**TABLE OF CONTENTS**                                                              iii
**TABLE OF AUTHORITIES**                                                        iv
**STATEMENT OF JURISDICTION**                                             1
**STATEMENT OF ISSUES PRESENTED FOR REVIEW**           1
**STATEMENT OF THE CASE**                                                      2
**STATEMENT OF FACTS**                                                             4
**SUMMARY OF ARGUMENTS**                                                   6
**ARGUMENT**                                                                                9
   **I.**    **Standard of Review**                                             9
   **II.**   **Mortgage Electronic Registrations, Inc. has no authority**      9
       **assign a mortgage on behalf of a defunct entity, or its**
       **successors and assigns.**
   **III.**  **The district court erred in granting Defendants' Motion to**
       **Dismiss because it improperly assumed facts that were not**
       **pled in the Complaint, and made inferences in favor of**           15
       **Defendants instead of Plaintiff.**
   **IV.**  **The district court erred in granting Defendants' Motion to**
       **Dismiss because Plaintiff stated a claim under the FDCPA.**
   **V.**   **The district court erred granting Defendants' Motions to**
       **Dismiss because Mr. Slorp stated a claim under the Ohio**
       **CSPA.**
   **VI.**  **The district court erred in granting Defendants' Motions to**
       **dismiss because Mr. Slorp stated a claim for falsification**
       **and conspiracy under Ohio law.**
   **VII.** **The district court erred in denying Plaintiff's Motion For**
       **Leave to Amend the Complaint because Plaintiff's proposed**
       **Amended Complaint stated a claim under RICO.**
**CONCLUSION**                                                                             23
**CERTIFICATION OF SERVICE**                                              24
**ADDENDUM: DESIGNATION OF RELEVANT DOCUMENTS**    25

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009)...10

*Bank of Am., N.A., v. Jimenez*, 134 Ohio St.3d 360, 2012-Ohio-5499, 982 N.E.2d 692..................................................................................................24

*Bank of New York Mellon Trust Co., N.A. v. Shaffer*, 134 Ohio St.3d 1435, 2013-Ohio-161, 981 N.E.2d 898.................................................................24

*Becker v. Montgomery Lynch,* PIF 10002153 (April 30, 2003) ............................30

*Bridge v. Aames Capital Corp.,* No. 1:09 CV 2947, 2010 WL 3834059 (N.D. Ohio Sept 29, 2010) ......................................................................................23

*Bridge v. Ocwen Federal Bank, FSB,* 681 F.3d 355, 362 (6th Cir.2012)................21

*Celebrezze v. United Research, Inc.,* 19 Ohio App.3d 49, 482 N.E.2d 1260, 1262 (1984)........................................................................................................31

*Chase Home Finance, LLC v. Heft,* 3rd Dist. Nos. 8-10-14, 8-11-16, 2012-Ohio-876..............................................................................................................23

*CitiMortgage, Inc. v. Schippel*, *01/24/2013 Case Announcements*, 2013-Ohio-161, 981 N.E.2d 898 ......................................................................................24

*Cleveland Bd. of Edn. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).......................................................................................26

*Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir. 1995) ..8, 15, 17

*Davis v. Mutual Life Insurance Co. of New York,* 6 F.3d 367, 377 (6th Cir.1993).35

*DOE et al. v. Marlington Local School District Board of Education,* 122 Ohio St.3d 12, 2009-Ohio-3601, ¶ 18, 907 N.E.2d 706 ..............................................33

*Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007)....9

*Federal Home Loan Mortgage Corp. v. Lamar,* 503 F.3d 504, 513 (6th Cir.2007) ........................................................................................................20

*Federal Home Loan Mortgage Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 27-28, 979 N.E.2d 1214 (Ohio 2012)..............................................24

*Fifth Third Mortgage Co. v. Bihn*, 134 Ohio St.3d 367, 2012-Ohio-5494, 982 N.E.2d 698 .................................................................................................24

Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) 11, 34

*Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 809 (S.D. Ohio 2006)..31

*Glonis v. Javitch, Block, Rathbone, LLP,* 238 Fed.Appx.24, 28 (6th Cir.2007) .....28

iv

*HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir.2012) .........................9

*Heintz v. Jenkins,* 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) .. 21, 27

*Hershey v. Edelman*, 187 Ohio App.3d 400, 2010-Ohio-1992, 932 N.E.2d 386 ....32

*In re Sheridan*, 2009 WL 631355, at *4 (Bankr.D.Idaho 2009) .............................14

*Indymac Fed. Bank, F.S.B. v. OTM Invests., Inc.*, 134 Ohio St.3d 358, 2012-Ohio-5496, 982 N.E.2d 690 ........................................................................................24

*Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 399 F.App'x 97, 102 (6th Cir.2010) ....................................................................23

*Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ......26

*MERS v. Neb. Dept. of Banking and Fin.,* 270 Neb. 529, 704 N.W.2d 784, 788 (2005) ........................................................................................................... 12, 13

Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.1986) .................................11

*Morrison v. Warren*, 375 F.3d 468, 475 (6th Cir.2004) ..........................................25

*Mortgage Elec. Registration System, Inc. v. Southwest,* 2009 WL 723182 (March 19, 2009) ..........................................................................................................14

*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ...............................................................................................25

*National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 259 (1995) ...36

*Ogle v. BAC Home Loans Servicing, LP,* No. 2:11-cv-00540 .................................23

*Replogle v. Montgomery County,* No. 3:09-cv-102, 2009 WL 1406686 (S.D. Ohio May 19, 2009) ..................................................................................................32

*Schroyer v. Frankel,* 197 F.3d 1170, 1177 (6th Cir.1999) ......................................31

*State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.,* Case No. CV863–1158, 1986 WL 363150 (Ohio Comm. Pl. 1986) ........................................................31

Tefft v. Seward, 689 F.2d 637, 639 (6th Cir.1982) ................................................10

*Turner v. Lerner, Sampson & Rothfuss*, 776 F. Supp. 2d 498, 510 (N.D. Ohio 2011) ..............................................................................................................30

*Twombly*, 550 U.S. at 555 ........................................................................................9

*U.S. Bank, N.A. v. Perry*, 134 Ohio St.3d 328, 2012-Ohio-5497, 982 N.E.2d 665.24

*United States v. Freeman,* 6 F.3d 586, 597 (9th Cir.1993) .....................................36

*Walton v. Potter*, No. 10-CV-10369, 2010 WL 4114958, at *1 (E.D. Mich. Oct. 14, 2010) ..............................................................................................................9

*Washington Mut. Bank, F.A. v. Wallace*, 134 Ohio St.3d 359, 2012-Ohio-5495, 982 N.E.2d 691 .......................................................................................................24

v

## Statutes

1337 ..................................................................................................................1

1345.01, et seq. ................................................................................................3

15 U.S.C. § 1692, et seq. .................................................................................3

15 U.S.C. § 1692a(4) ......................................................................................20

15 U.S.C. § 1692a(6) ......................................................................................20

15 U.S.C. § 1692a(6)(F)(iii) ...........................................................................20

15 U.S.C. 1692 et seq. ......................................................................................1

15 U.S.C. 1692e ...................................................................................... 22, 27

15 U.S.C. 1692n .............................................................................................22

18 U.S.C. 1341 ...............................................................................................35

18 U.S.C. 1343 ...............................................................................................35

18 U.S.C. 1692(c) ...........................................................................................35

18 U.S.C. 1962 et seq. ......................................................................................4

28 U.S.C. § 1291 ..............................................................................................1

28 U.S.C. § 1367 ..............................................................................................1

28 U.S.C. §§ 1331 ............................................................................................1

Ohio Revised Code § 2921.13 .................................................................. 32, 33

Ohio Revised Code § 2921.13(G) .................................................................3, 32

Ohio Revised Code 2921.13(G) ......................................................................33

R.C. § 1303.67 ....................................................................................... 18, 35

## Other Authorities

Black's Law Dictionary (9th Ed.2009) .......................................................... 11, 12

Restatement (Third) of Agency § 3.01 ...........................................................15

Restatement (Third) of Agency § 3.01, et seq. ................................................14

Restatement (Third) of Agency § 3.06 (West 2010) ...............................................14

## Rules

Fed.R.Civ.P. 11 ..............................................................................................28

Fed.R.Civ.P. 12(b)(6) ........................................................................................6

Fed.R.Civ.P. 15(a)(2) ......................................................................................10

Ohio Civil Rule 41(A)(2) ................................................................................18

Ohio Civil Rule 60(B) ............................................................................... 18, 34

## STATEMENT OF JURISDICTION

The United States District Court for the Southern District of Ohio (the "district court") had jurisdiction over Plaintiff-Appellant Rick Slorp's ("Mr. Slorp") First Count pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and 28 U.S.C. §§ 1331 and 1337. The district court had supplemental jurisdiction over Mr. Slorp's state law claims pursuant to 28 U.S.C. § 1367.

This Court has appellate jurisdiction over this appeal of the district court's final order pursuant to 28 U.S.C. § 1291. The district court issued its Opinion and Order granting Defendants Bank of America, N.A. ("BANA") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss, granting Defendants Lerner, Sampson & Rothfuss, A Legal and Professional Association ("LSR") and Shelly Hill's ("Ms. Hill") Motion to Dismiss, and denying Mr. Slorp's Motion for Leave to File an Amended Complaint on March 8, 2013, and the clerk entered judgment on March 8, 2013. This was a final appealable order because it disposed of all of Mr. Slorp's claims. Mr. Slorp timely filed his Notice of Appeal in the district court on April 3, 2013.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1) Whether Mortgage Electronic Registration Systems, Inc., purporting to act solely as nominee for a lender and its successors and assigns, can assign a mortgage from a defunct entity.

2) Whether the district court erred when it dismissed Plaintiff's Complaint based on the legal conclusion that Plaintiff had defaulted and therefore suffered no damages, when Mr. Slorp did not plead facts supporting these conclusions, and actual damages are not required under the FDCPA.

3) Whether the district court erred when it dismissed Plaintiff's Complaint for failure to state a claim under the FDCPA on the basis that Plaintiff lacked standing to challenge the assignment of mortgage under state law.

4) Whether the district court erred when it dismissed Plaintiff's Complaint as beyond the statute of limitations of the FDCPA, when the Defendants had maintained a lawsuit that was based on false statements to the court, and defended those false statements by affidavit in a post-judgment motion.

5) Whether the district court erred when it dismissed Plaintiff's Complaint for failure to state a claim under Ohio's CSPA, when the CSPA applies to the filing of deceptive lawsuits.

6) Whether the district court erred when it dismissed Plaintiff's Complaint for failure to state a falsification claim under Ohio law, when the plain language of the statute provides for a civil remedy.

7) Whether the district court erred when it denied Plaintiff leave to file an Amended Complaint on the basis of futility, when Plaintiff stated a claim under RICO and the district court improperly assumed Plaintiff had defaulted on his mortgage and could not have suffered damages.

## STATEMENT OF THE CASE

On June 7, 2012, Mr. Slorp filed his Complaint against LSR, BANA, Ms. Hill, and MERS, collectively ("Defendants"), for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA"), Ohio's Consumer Sales Practices Act, R.C. 1345.01, et seq., ("CSPA"), falsification, Ohio Revised Code § 2921.13(G), and for civil conspiracy.

Mr. Slorp's Complaint stems from a wrongful foreclosure action filed in the Court of Common Pleas for Franklin County, Ohio, captioned *BAC Home Loans Servicing, LP v. Rick A. Slorp, et al.,* Case No. 2010 CVE-07-10645 ("the foreclosure action").  Mr. Slorp alleged Defendants made false, deceptive and misleading representations to Mr. Slorp and the court in the foreclosure action, in violation of the FDCPA and Ohio law.

3

On August 7, 2012, LSR and Ms. Hill filed a Motion to Dismiss for Failure to State a Claim, and BANA and MERS also filed a Motion to Dismiss for Failure to State a Claim the same day. On January 21, 2013, Mr. Slorp moved the district court for leave to file an Amended Complaint, which contained more detailed facts and added a claim under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. 1962 et seq. ("RICO").

On March 8, the district court issued its Opinion and Order granting the Defendants' Motions to Dismiss, and denying Mr. Slorp leave to file his Amended Complaint on grounds of futility. Mr. Slorp now appeals the judgment below.

## STATEMENT OF FACTS

On July 21, 2010, BANA, through its counsel LSR, filed the foreclosure action in the Court of Common Pleas of Franklin County, Ohio. (Compl. p. 3, Doc. # 1, PAGE ID # 3.) They attached a copy of a note ("Note") that was payable to a third party, Countrywide Bank, FSB and devoid of indorsements, as well as a copy of a mortgage ("Mortgage"). (*Id.*) LSR falsely claimed BANA had standing to prosecute the foreclosure action as the holder of the Note and a person entitled to enforce the Mortgage. (Compl. p. 4, Doc. # 1, PAGE ID # 4.) LSR attached a document entitled "Assignment of Mortgage" to BANA's Complaint, wherein MERS, purporting to act on behalf of Countrywide bank, FSB, falsely assigned all interest in the mortgage to BANA's predecessor-in-interest. (*Id.*)

4

Countrywide Bank, FSB, was a defunct entity on the date the false assignment was purportedly executed.  (*Id.*)  Attorney Rick DeBlasis, a member of management at LSR, knew or had reason to know Countrywide Bank, FSB did not exist on that date.  (2nd Amd. Compl. p. 5, Doc #26, PAGE ID #234.)  Ms. Hill, purporting to be an Assistant Secretary and Vice President of MERS, falsely executed the assignment in Hamilton County, Ohio. (Compl. p. 4, Doc. # 1, PAGE ID # 4.)  Ms. Hill was not an employee of MERS.  (*Id.*)  Ms. Hill was an employee of LSR.  (Compl. p. 2, Doc. # 1, PAGE ID # 2.)  Ms. Hill, in the presence of Attorney Rick DeBlasis, testified in a deposition on September 2, 2010 that she was aware Countrywide Bank, FSB had ceased to exist on the day she executed the assignment in the foreclosure action. (2nd Amd. Compl. p. 5, Doc #26, PAGE ID #234.)

BANA obtained summary judgment in the foreclosure action on January 18, 2011. (Compl. p. 4, Doc. # 1, PAGE ID # 4.) Mr. Slorp sought relief from that judgment on July 28, 2011, and BANA, through LSR, opposed Mr. Slorp's motion for relief from judgment on August 31, 2011.  (*Id.*)  BANA and LSR used an affidavit of Ms. Hill to support their opposition to Mr. Slorp's motion, a copy of which is attached as Exhibit A.

On February 8, 2012, Mr. Slorp served a subpoena duces tecum on Ms. Hill, which commanded her to appear at an evidentiary hearing on March 16, 2012, and

5

bring documents pertaining to her relationship with BANA and her authority to execute the assignment.  (Compl. p. 4-5, Doc. #1, PAGE ID # 4-5.)  On March 15, 2012, BANA, though LSR, voluntarily dismissed the foreclosure action. (Compl. p. 5, Doc. #1, PAGE ID # 5.)  The state court vacated the judgment pursuant to Ohio Civil Rule 60(B) and dismissed the foreclosure action pursuant to Ohio Civil Rule 41(A)(2).  Exhibit B.  Mr. Slorp incurred $8,934.44 in damages defending the wrongful foreclosure action and obtaining relief from that judgment.

## SUMMARY OF ARGUMENT

The district court erred in granting Defendants' Motions to Dismiss because it did not apply the proper legal standards under Fed.R.Civ.P. 12(b)(6) and the FDCPA.  Additionally, Mr. Slorp stated plausible state law claims under the Ohio CSPA, falsification, and civil conspiracy.  The district court also erred in denying Mr. Slorp leave to file his Amended Complaint, which stated a claim under RICO.

Mr. Slorp's Complaint alleged Defendants created a false assignment of mortgage from a defunct entity to support a wrongful foreclosure action in state court.  Mr. Slorp's allegations are plausible because MERS, purporting to act solely as nominee for the lender and its successors and assigns, lacked authority to assign a mortgage on behalf of a defunct entity.  Further, under agency law, MERS had no power to assign a mortgage on behalf of the original lender's successors and assigns.

6

The district court was required to accept all allegations in Mr. Slorp's Complaint as true and make all inferences in his favor, but it instead assumed facts he had not alleged as true and made inferences in favor of Defendants. The district court held Mr. Slorp executed a note and mortgage and had defaulted on his obligations, when Mr. Slorp had not alleged any of these facts. The district court then concluded Mr. Slorp could not have suffered any cognizable injury from the wrongful foreclosure action, because his damages incurred in defending the action and seeking relief from the judgment were caused solely by his default.

The district court's decision also erred because actual damages are not necessary to state a claim under the FDCPA. The plain language of the FDCPA prohibits a debt collector from making any false, deceptive, or misleading representation in connection with the collection of a debt, and this is exactly what Mr. Slorp alleged. The district court erred when it held Mr. Slorp did not state a claim under the FDCPA because he lacked standing to attack the fraudulent assignment of mortgage, applying state law. The district court further erred when it held his FDCPA claim was barred by the statute of limitations, because Mr. Slorp alleged both a continuing violation of the FDCPA, and more than one distinct violation, which were within the one-year limitations period.

The district court erred in dismissing Mr. Slorp's claim under the Ohio CSPA, which provides a cause of action for consumers injured by the filing of

7

deceptive lawsuits.  Further, the district court erred in dismissing Mr. Slorp's falsification and civil conspiracy claims, as the plain language of the Ohio falsification statute unambiguously provides for a private right of action.

Finally, the district court erred in denying Mr. Slorp leave to amend his Complaint on grounds of futility.  Mr. Slorp's proposed Amended Complaint stated a claim under RICO and added additional facts to support the other counts. The district court erroneously held that Mr. Slorp's alleged damages were entirely caused by his default, such that he alleged no cognizable injury.  Accordingly, Mr. Slorp respectfully requests this Court reverse the judgment of the district court.

## ARGUMENT

### I.    Standard of Review

#### A. Motions to dismiss for failure to state a claim

A district court's decision dismissing a suit pursuant to Fed.R.Civ.P. 12(b)(6) is subject to de novo review.  *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995).  "The district court must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Id.,* citing *Allard v. Weitzman (In Re DeLorean Motor Co.)*, 991 F.2d 1236, 1239 (6th Cir.1993).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing

that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give… defendant fair notice of what the... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "Detailed factual allegations" are not required. *Twombly*, 550 U.S. at 555.

"The Supreme Court's decisions in *Twombly* and *Iqbal* should not be understood as undermining the Federal Rules' presumption of notice pleading, which only demands that the plaintiff make a 'short and plain statement of the claim showing that the pleader is entitled to relief' in most instances." *Walton v. Potter*, No. 10-CV-10369, 2010 WL 4114958, at *1 (E.D. Mich. Oct. 14, 2010). "There are those who suggest that the Supreme Court's recent opinions have returned us to the principles of code pleading….  We find it inaccurate to read these cases so narrowly as to be the death of notice pleading and we recognize the continuing viability of the 'short and plain' language of Federal Rule of Civil Procedure 8." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir.2012).

"Nevertheless, those decisions do require a plaintiff to show in his or her complaint that a given claim is more than just a 'possibility.'" *Walton* at *1. "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

9

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. "Determining whether a complaint states a plausible claim for relief will * * * be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679.

### B. Leave to file an amended pleading

When outside of the timeframe in which a party may amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982), citing *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) and 3 Moore's Federal Practice 15.02(1) (1982), at p. 15-13. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986).

## II.     Mortgage Electronic Registrations, Inc. has no authority assign a mortgage on behalf of a defunct entity, or its successors and assigns.

The Mortgage states MERS is acting "solely as a nominee" for Countrywide Bank, FSB, and "Countrywide Bank, FSB's successors and assigns." (Compl., Ex. 1., Doc #1, PAGE ID #9.)  A "nominee" is defined as "[a] person designated to act in place of another, [usually] in a very limited way," and/or "[a] party who holds bare legal title for the benefit of others * * *."  Black's Law Dictionary (9th Ed.2009); *Mortgage Electronic Registration Systems, Inc. v. Rees*, 2003 WL 22133834, 1 (Conn. Super. 2003) *citing Kolakowski v. Finney,* 1983 Mass. App. Div. 360, 363 (Mass.App.Div.1983); *see, also, Evergreen Plantation, Inc. v. Zunamon,* 291 So.2d 414, 417 (La.App.2d Cir.1974); *Winters Nat'l. Bank & Trust Co. v. Saker,* 66 Ohio App.2d 31, 35, 20 Ohio Op.3d 76, 419 N .E.2d 890 (1979). That is, MERS, as nominee, holds bare legal title to the mortgage: it does not hold the beneficial interest in the mortgage. MERS argued this itself in *MERS v. Neb.*

11

*Dept. of Banking and Fin.,* 270 Neb. 529, 704 N.W.2d 784, 788 (2005), as discussed below.

Legal title and a beneficial interest are separate and distinct. "Legal title" is "[a] title that evidences apparent ownership but does not necessarily signify full and complete title or a beneficial interest." Black's Law Dictionary (9th Ed.2009). Conversely, a "beneficial interest" is "[a] right or expectancy in something (such as a trust or an estate), as opposed to legal title to that thing. For example, a person with a beneficial interest in a trust receives income from the trust but does not hold legal title to the trust property." Black's Law Dictionary (9th Ed.2009).

### A. Mortgage Electronic Registration Systems, Inc., acting solely as nominee for the lender, could not transfer the lender's beneficial interest in the mortgage.

With a MERS mortgage, "the lenders retain the promissory notes and servicing rights to the mortgage, while MERS acquires legal title to the mortgage for recordation purposes." *MERS v. Neb. Dept. of Banking and Fin.,* 704 N.W.2d 784. In that case, the Nebraska Department of Banking sought to regulate MERS as a mortgage banker under the state's Mortgage Bankers Registration and Licensing Act. *Id.* at 786. MERS argued it only held "legal title to members' mortgages in a nominee capacity[.]" *Id.* at 787. MERS contended it did not acquire mortgage loans and only operated as an agent for the true mortgage lender. *Id.* at 788. The court found MERS was only an agent for the mortgagee. *Id.*

12

Specifically, "MERS serves as legal title holder in a nominee capacity, permitting lenders to sell their interests in the notes and servicing rights to investors without recording each transaction." *Id.* Thus, the interests the lender retained were those other than legal title: namely, the beneficial interest and servicing rights.

The same has occurred here. MERS, acting solely as Countrywide Bank, FSB's nominee, had the legal title to the mortgage, while Countrywide Bank, FSB retained the beneficial interest in the mortgage and the servicing rights. The entity that held the beneficial interest in Mr. Slorp's mortgage, Countrywide Bank, FSB was defunct and unable to transfer its beneficial interest, whereas MERS, as nominee, held bare legal title to the mortgage. MERS could not transfer its legal title to BANA's predecessor because it lacked actual authority from its principal, Countrywide Bank, FSB to do so. Therefore, Mr. Slorp plausibly alleged the mortgage assignment purporting to do so was false, and this Court should reverse the district court's judgment.

### B. MERS could not act as nominee for Countrywide Bank, FSB's successors and assigns, because an entity cannot be given authority to act on behalf of a future principal under agency law.

Beyond the clear limitations placed upon MERS as nominee for the mortgagee, the succcessors and assigns clause in the Mortgage provides no actual authority to act as nominee for any successors or assigns. MERS remains a limited agent to the mortgagee, as a representative for its principal. *In re Sheridan*, 2009

13

WL 631355, at *4 (Bankr.D.Idaho 2009). The extent of its authority as an agent

for the principal is determined by the rights given to it by the principal. *See id.*

(The court assumes "that MERS as a 'nominee' had sufficient rights and ability as

an agent to advance its principal's [motion]…"); *Mortgage Elec. Registration*

*System, Inc. v. Southwest,* 2009 WL 723182 (Mar. 19, 2009) ("MERS, by the terms

of the deed of trust, and its own stated purposes, was the lender's agent"). Once

the principal no longer has authority under the mortgage, the agent's authority also

ends. *See* Restatement (Third) of Agency § 3.06 (West 2010). As such, MERS

cannot be an authorized agent for a future principal that has not given MERS

authority to act on its behalf. Restatement (Third) of Agency § 3.01, *et seq.*

MERS cannot claim it is an agent for future principals who have yet to be

identified, let alone have yet to manifest their intent to have MERS act for them in

any capacity. *Id.*

Third party beneficiary law also does not correct MERS's lack of authority.

While the successor in interest could be a third party intended beneficiary of the

MERS/Mortgagee contract, that status would give powers to the third party, not

MERS. It would not generate powers in MERS from the third party because the

third party would need to give powers to MERS.

MERS's ability to be an agent for a successor is dependent upon MERS's

agreement with it, not MERS's agreement with the original mortgagee contained

14

with the mortgage.  Restatement (Third) of Agency § 3.01.  Actual authority under agency law requires a principal's manifestation of assent to the agent acting on its behalf, meaning the successor in interest would need to appoint MERS as its agent, just as the original lender had.  *Id.*

Thus, MERS could not transfer Mr. Slorp's mortgage to BANA's predecessor based on the clause wherein it purported to act as nominee for Countrywide Bank, FSB's successors and assigns.  Accordingly, Mr. Slorp stated a plausible claim the mortgage assignment attached to the complaint in the foreclosure action was false, and this Court should reverse the district court's judgment.

### III.    The district court erred in granting Defendants' Motions to dismiss because it improperly assumed facts that were not pled in the Complaint, and made inferences in favor of Defendants instead of Mr. Slorp.

The Federal Rules of Civil Procedure and this Court's precedent required the district court to construe the allegations in the Complaint in the light most favorable to Mr. Slorp for purposes of ruling on Defendants' 12(b)(6) motion.  *See Tatum,* 58 F.3d at 1109.  Here, the district court erred because it did just the opposite, construing Mr. Slorp's factual allegations in the light most favorable to Defendants, and assuming facts that had not been established.  Therefore, this Court should reverse the district court's judgment.

Mr. Slorp's Complaint alleged Defendants created a false assignment of mortgage from a defunct entity to support a wrongful foreclosure action in state court. (Compl. p. 3-5, Doc. #1, PAGE ID # 3-5.)  Mr. Slorp alleged "Defendant LSR falsely claimed Defendant BANA had standing to prosecute the foreclosure action as both the holder of the note and a person entitled to enforce the mortgage." (*Id.*)  To support BANA's standing in the foreclosure action, LSR attached a false document to its complaint wherein MERS purported to assign all interest in Mr. Slorp's Mortgage from Countrywide Bank, FSB, which was a defunct entity at the time Ms. Hill signed the purported assignment.  (*Id.*)  Following Mr. Slorp's defense of the foreclosure action and legal challenge to the judgment, the foreclosure action was dismissed.  (*Id.*)

## A. Mr. Slorp never alleged he was in default, nor was his default judicially established.

In its Opinion and Order granting Defendants' Motions to Dismiss, the district court found that Mr. Slorp signed the Note and Mortgage subject to the foreclosure action on December 14, 2007, and that Mr. Slorp defaulted on his obligations following the March 1, 2010 payment.  (Order p. 1, Doc. #31, PAGE ID # 349.)  Based on the factual conclusion that "Plaintiff has not made payments on his mortgage for almost three years" and the legal conclusion that Mr. Slorp was in default, the district court held Mr. Slorp failed to allege any cognizable injury.  (Order p. 8, Doc. #31, PAGE ID # 356.)

16

Mr. Slorp never alleged he had defaulted on his obligations, that he had not made payments for three years, or that he had executed the Note and Mortgage subject to the foreclosure action. The district court improperly construed paragraphs 15-17 of Mr. Slorp's Complaint to arrive at these factual conclusions. (Order p. 1, Doc. # 31, PAGE ID #349.) These paragraphs incorporate by reference the complaint in the foreclosure action and the exhibits thereto as Exhibit 1, solely for the purpose of demonstrating that Defendant BANA, through its counsel LSR, filed the foreclosure action in the Court of Common Pleas of Franklin County, Ohio.

The district court disregarded the applicable standard for ruling on a 12(b)(6) motion, and improperly assumed that BANA's legal and factual allegations in the foreclosure action, including Mr. Slorp's default, were true. (Order p. 8, Doc. # 31, PAGE ID #356.). The district court improperly construed the unestablished facts in a manner favorable to Defendants. However, this Court's precedent could not be more clear – the district court had an obligation to assume all Mr. Slorp's allegations were true, to draw all plausible inferences in Mr. Slorp's favor, and to dismiss the complaint only if there was undoubtedly no set of facts that would entitle him to relief. *Tatum*, 58 F.3d at 1109 (6th Cir.1995). Further, the district court's findings were not based on judicially established facts, as the Court of Common Pleas for Franklin County, Ohio had vacated the judgment in the

17

foreclosure action pursuant to Ohio Civil Rule 60(B) and dismissed the action

pursuant to Ohio Civil Rule 41(A)(2).  Exhibit B.

### B. Mr. Slorp plausibly suffered damages even if he were in default.

Finally, even if Mr. Slorp was in default, this does not warrant the

conclusion that he suffered no damages from Defendants' fraud on the court.  Mr.

Slorp's damages flow from Defendant's tortious conduct.  Defendants would not

have been able to maintain the foreclosure action if they had not created and filed

the false assignment.  The entity that held the beneficial interest in Mr. Slorp's

mortgage, Countrywide Bank, FSB was defunct and unable to transfer its

beneficial interest, whereas MERS, as nominee, held bare legal title to the

mortgage.

The district court unfairly blamed the victim.  Logically, because Defendants

created and used the false assignment to maintain the foreclosure action, Slorp had

to expend resources to defend said action that he may not have otherwise incurred.

Further, Mr. Slorp alleged BANA falsely claimed it had standing as the holder of

the Note.  If BANA did not have standing under the Note, Mr. Slorp could be

subject to double liability, because under Ohio Revised Code § 1303.67, the

borrower must make payments to the party actually holding rights to enforce the

note in order to receive credit for those payments.

18

Therefore, construing the facts in the light most favorable to Mr. Slorp, the district court should not have concluded he suffered no damages as a result of the wrongful foreclosure action. Accordingly, the district court erred in granting Defendants' 12(b)(6) motions, and this Court should reverse the judgment below.

## IV. The district court erred in granting Defendants' Motions to dismiss because Plaintiff stated a claim under the FDCPA.

Mr. Slorp stated a claim under the FDCPA when he alleged that LSR and BANA presented false documents to a court and maintained litigation based on those false representations to collect a debt. The district court erred when it dismissed Mr. Slorp's FDCPA claim on the basis that Mr. Slorp lacked standing to attack the assignment of mortgage, because its holding was inconsistent with the plain language of the FDCPA, Ohio law, and due process. Further, it ignored that Mr. Slorp also attacked LSR's false statement that BANA was the holder of the Note.

The district court also erred in holding Mr. Slorp's FDCPA claim was beyond the statute of limitations, because maintaining a lawsuit based on a false representation in connection with a debt is a continuing violation of the FDCPA. Additionally, Mr. Slorp's Complaint alleged more than one discrete violation of the FDCPA, and at least one of his alleged violations was within the limitations period. Accordingly, this Court should reverse the judgment below.

The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt. 15 U.S.C. § 1692e. "The Fair Debt Collection Practices Act is an extraordinarily broad statute. Congress addressed itself to what it considered to be a widespread problem, and to remedy that problem it crafted a broad statute." *Frey v. Gangwish,* 970 F.2d 1516, 1521 (6th Cir.1992). Moreover, the FDCPA is a strict liability statute, "meaning that a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages." *Fed. Home Loan Mtge. Corp. v. Lamar,* 503 F.3d 504, 513 (6th Cir.2007).

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mail in any business for the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, the FDCPA excludes from this definition the original lender who extended the debt and a party collecting or attempting to collect on a debt it acquired if the debt was not in default at the time of acquisition. 15 U.S.C. § 1692a(4); 15 U.S.C. § 1692a(6)(F)(iii).

"The definition of debt collector pursuant to § 1692a(6)(F)(iii) includes any non-originating debt holder that either acquired a debt in default or has treated the debt as if it were in default at the time of acquisition. It matters not whether such

20

treatment was due to a clerical mistake, other error, or intention." *Bridge v. Ocwen Federal Bank, FSB,* 681 F.3d 355, 362 (6th Cir.2012).  Moreover, the Supreme Court has held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins,* 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

Here, the allegations in Slorp's Complaint and the attached documents indicate Slorp signed a note payable to Countrywide.  (Compl., Ex. 1., Doc. #1, PAGE ID #16.)  The note attached to the complaint from the foreclosure action contains no indorsement. *(Id.)*  Thus, it remains payable to Countrywide.

It follows then that BANA and LSR attempted to collect a debt on behalf of Countrywide in the foreclosure action and that they attempted to collect the debt of another.  Mr. Slorp's Complaint alleged Defendants created a false assignment of mortgage from a defunct entity to support a wrongful foreclosure action in state court. (Compl. p. 3-5, Doc. #1, PAGE ID # 3-5.)   This involved false representations in connection with the collection of a debt.  Thus, Mr. Slorp stated a claim for relief under the FDCPA.

### A. The district court erred when it held Defendants were not liable under the FDCPA for making a false statement to collect a debt, because Mr. Slorp lacked standing to challenge the assignment of mortgage under state law.

The district court erroneously dismissed Mr. Slorp's Complaint on the grounds that "Plaintiff's claims are predicated solely upon the assignment and

Plaintiff lacks legal standing to attack the assignment." (Order p. 6, Doc #31, PAGEID #354.) This was error because the district court applied a procedural rule of state law to deny Mr. Slorp's substantive right under the FDCPA to seek relief for Defendants' false representations in connection with the collection of a debt. The plain language of the FDCPA is controlling, and Mr. Slorp does not need standing under state common law to seek redress. Also, Ohio law allows a debtor to challenge a wrongful foreclosure action when the party suing lacks standing under the mortgage. Further, due process requires Mr. Slorp can challenge the false assignment. Finally, Mr. Slorp's allegations were not "predicated solely" on the assignment of mortgage, as he also claimed LSR falsely represented BANA's standing as the holder of the Note. (Compl. p. 3-4, Doc #1, PAGE ID #3-4.)

     *1.  The FDCPA provides redress for a false statement in connection with a debt, regardless of state law to the contrary.*

The plain language of the FDCPA prohibits a debt collector from making any false, deceptive, or misleading representation in connection with the collection of a debt. 15 U.S.C. § 1692e. The FDCPA expressly preempts state law that is inconsistent with any of its provisions to the extent of the inconsistency, except that a state law is not deemed inconsistent only when it affords a consumer greater protection than the FDCPA. 15 U.S.C. § 1692n.

Here, the district court held Mr. Slorp could not seek redress because he lacked standing to challenge the assignment of mortgage. The district court relied

on *Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 399 F.App'x 97, 102 (6th Cir.2010), *Bridge v. Aames Capital Corp.,* No. 1:09 CV 2947, 2010 WL 3834059 (N.D. Ohio Sept 29, 2010), *Ogle v. BAC Home Loans Servicing, LP,* No. 2:11-cv-00540, slip op., (S.D. Ohio Jan 12, 2012) and *Chase Home Finance, LLC v. Heft,* 3rd Dist. Nos. 8-10-14, 8-11-16, 2012-Ohio-876 (March 5, 2012).

Lower courts consistently misapply this Court's decision in *Livonia Holdings,* which expressly held a debtor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void.  399 F.Appx. at 102.  These courts read *Livonia Holdings* for the proposition that a debtor may never challenge assignments of mortgage.[1]  However, Mr. Slorp's allegations, if true, would mean the assignment used in the foreclosure action here is invalid and void.  Further, these cases are not controlling here because none of them held a debtor needs standing to state a claim under the FDCPA, and each of their holdings about standing relied on state law.  The district court's decision erred in relying on state law to deny Mr. Slorp's claim to relief under the FDCPA.  Mr. Slorp alleged Defendants made false representations to the court in the foreclosure action, and

---

[1] *See, e.g. Heft, Bridge,* and *Ogle, supra, LSF6 Mercury REO Investments Trust Series 2008-1 c/o Vericrest Financial, Inc. Locke,* Ohio 10th Dist. No. 11AP-757, 2012-Ohio-4499; *Bank of New York Mellon Trust Co. v. Unger,* Ohio 8th Dist. No. 97315, 2012-Ohio-1950.

23

the plain language of the FDCPA permits Mr. Slorp to seek relief for Defendants'
conduct.  Accordingly, this Court must reverse the district court's judgment.

> 2.    *Ohio law permits a debtor to challenge a foreclosure plaintiff's
> standing to sue under the mortgage.*

The Ohio Supreme Court recently unanimously held that a foreclosure
plaintiff must have standing under the note and mortgage as of the filing of the
foreclosure complaint in order to invoke the subject matter jurisdiction of the
common pleas court.  *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio
St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 27-28. In six subsequent cases, the
Supreme Court of Ohio reversed the appellate courts when they had permitted a
case to proceed with less than standing under *both the note and the mortgage,*
remanding the cases for decisions consistent with *Schwartzwald*.[2] Thus, a debtor
may challenge a wrongful foreclosure action under Ohio law when the party
seeking foreclosure lacks standing under the note or the mortgage.

Here, Mr. Slorp's Complaint alleged Defendants created a false assignment
and submitted it to a court as evidence against him.  (Compl. p. 3-5, Doc. #1,

---

[2] *Fifth Third Mortgage Co. v. Bihn*, 134 Ohio St.3d 367, 2012-Ohio-5494, 982
N.E.2d 698; *Bank of Am., N.A., v. Jimenez*, 134 Ohio St.3d 360, 2012-Ohio-5499,
982 N.E.2d 692; *Washington Mut. Bank, F.A. v. Wallace*, 134 Ohio St.3d 359,
2012-Ohio-5495, 982 N.E.2d 691; *Indymac Fed. Bank, F.S.B. v. OTM Invests.,
Inc.*, 134 Ohio St.3d 358, 2012-Ohio-5496, 982 N.E.2d 690; *Bank of New York
Mellon Trust Co., N.A. v. Shaffer*, 134 Ohio St.3d 1435, 2013-Ohio-161, 981
N.E.2d 898; *CitiMortgage, Inc. v. Schippel*, 01/24/2013 Case Announcements,
2013-Ohio-161, 981 N.E.2d 898; *U.S. Bank, N.A. v. Perry*, 134 Ohio St.3d 328,
2012-Ohio-5497, 982 N.E.2d 665.

PAGE ID # 3-5.)  Even though Mr. Slorp is not a party to the purported assignment, and might be unable to attack it in a declaratory action, Ohio law provides he may challenge BANA's use of it against him in the foreclosure action. In addition, Mr. Slorp also alleged LSR attached an unindorsed note to the Complaint and that it falsely claimed BANA had standing as the holder of the Note in the foreclosure action.  (Compl. p. 3-4, Doc #1, PAGE ID #3-4.)  Therefore, Mr. Slorp may pursue his remedies for this wrongful conduct under the FDCPA, and this Court should reverse the judgment below.

> 3.  *Due process provides Mr. Slorp may attack the assignment of mortgage if it is used as evidence against him.*

Finally, due process requires Mr. Slorp can challenge Defendants' use of the false assignment of mortgage against him.  To hold plaintiffs in foreclosure cases may present evidence of mortgage assignments in support of their case and burden of proof, yet homeowners may not attack this class of evidence, violates homeowners' right to due process of law.

"An essential principle of due process is that a deprivation of property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"  *Morrison v. Warren*, 375 F.3d 468, 475 (6th Cir.2004), citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950).  "[T]he fundamental requirement of procedural due process is that an individual be given an opportunity to be heard at a meaningful time and in a

meaningful manner." *Morrison* at 475, citing *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). "At the least, this requires notice of the charges and an opportunity to view and contest the evidence supporting them." *Morrison* at 475, citing *Cleveland Bd. of Edn. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

Here, the district court held that Mr. Slorp could not seek relief for Defendants' use of the false assignment against him in a wrongful foreclosure action because he lacked standing to attack the assignment under state law. The district court's holding was error because it was contrary to the plain language of the FDCPA, inconsistent with Ohio law, and deprived Mr. Slorp of his constitutional right to challenge evidence presented against him. Accordingly, this Court should reverse the district court's judgment.

### B. The district court erred when it held Mr. Slorp's FDCPA claim was barred by the statute of limitations.

The district court erred when it held the statute of limitation for Mr. Slorp's FDCPA claim had run on July 21, 2011, one year after the filing of the complaint in the foreclosure action. (Order p. 11, Doc. #31, PAGE ID #359). LSR and BANA maintained the foreclosure action until it they dismissed it on March 15, 2012. (Compl. p.5, Doc. #1, PAGE ID #5). Until that date, LSR and BANA continuously represented to the Court of Common Pleas for Franklin County, Ohio and Mr. Slorp that the fraudulent mortgage assignment supported BANA's

standing in the foreclosure action.  Thus, the statute of limitation did not begin to run until March 15, 2012, and this action was filed on June 7, 2012, well within the limitations period.  Alternatively, construing the allegations in the Complaint in the light most favorable to Mr. Slorp, he alleged more than one violation of the FDCPA, and LSR and BANA made a second false representation to the state court by affidavit when they opposed Mr. Slorp's motion for relief from judgment on July 28, 2011.  (Compl. p.4, Doc. #1, PAGE ID #4).  Therefore, this Court must reverse the judgment below.

> 1.     *Maintaining a lawsuit based on a false representation in connection with the collection of a debt is a continuing violation of the FDCPA.*

The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt.  15 U.S.C. § 1692e.  The FDCPA "applies to attorneys who regularly engage in consumer-debt-collection activity, even when that activity consists of litigation." *Jenkins,* 514 U.S. 291, 299.  Litigation is a means of collecting a debt that involves the parties and their counsel making a series of discrete representations regarding the character and legal status of the debt.  However, an active lawsuit to collect a debt is also a continuing representation to the judicial system and the public that the debt collector is legally entitled to collect.

This Court has not yet addressed the issue of whether the maintenance of litigation based on a false representation in connection with a debt constitutes a continuing violation of the FDCPA, but should hold that it does.   Such a holding would be consistent with the plain meaning of the statute and the ordinary understanding of litigation.   The FDCPA is a broad remedial statute that must be liberally construed in favor of the consumer. *See Gangwish,* 970 F.2d at 1521.   In addition, whether a representation is deceptive or misleading is determined from the perspective of the least sophisticated consumer.   *Glonis v. Javitch, Block, Rathbone, LLP,* 238 Fed.Appx.24, 28 (6th Cir.2007), citing *Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1029 (6th Cir.1992).

Here, the district court's opinion rested on the assumption that LSR and BANA's only false representation occurred on the day the complaint in the foreclosure action was filed, but this conclusion is contrary to the common sense of both consumers involved in debt collection litigation, and officers of the judicial system.   Maintaining a lawsuit is a highly public act with significant social consequences.   As a lawsuit proceeds from the pleadings to discovery, dispositive motions, trial, post-judgment motions, and appeal, the plaintiff continuously represents that his claims are meritorious.   Thus, attorneys have an affirmative duty to rectify false statements that were earlier made to a tribunal.  *See* Fed.R.Civ.P. 11 Accordingly, this Court should not shield debt collectors who persist in

prosecuting a lawsuit based on a continuous false representation to the judicial system. While the limitation period has a legitimate role to allow defendants repose, it should not begin to run until their wrongful conduct has ceased. In the case of a debt collection lawsuit, the false or deceptive representation or means of collection does not cease until the lawsuit is dismissed or terminated.

Here, LSR's submission of the assignment that contained the false statements to the court was a false, deceptive, and/or misleading representation or means in an attempt to collect a debt. LSR, despite its obligation under the Ohio Rules of Professional Conduct, submitted the false assignment to the state court and did not withdraw the document before the end of litigation. LSR and BANA continued to hold out the fraudulent mortgage assignment as true to the judiciary and the public until March 15, 2012, when they finally dismissed the foreclosure action. Further, Mr. Slorp alleged the assignment remained recorded with the Franklin County, Ohio Recorder as of the date of filing of his Amended Complaint. (2nd Amd. Compl. p.9, Doc #26, PAGE ID #238.) Accordingly, this Court should hold the statute of limitations on LSR and BANA's conduct does not begin to run until the alleged wrongdoing ceased, and reverse the judgment of the district court.

2.     *Defendants BANA, LSR, and Ms. Hill committed a second violation of the FDCPA when they opposed Mr. Slorp's motion for relief from the foreclosure judgment by affidavit.*

Alternatively, construing the allegations in the Complaint in the light most favorable to Mr. Slorp, he alleges more than one false representation in violation of the FDCPA. Specifically, BANA, through LSR, opposed Mr. Slorp's motion for relief from judgment in the foreclosure action on August 31, 2011. (Compl. p. 4, Doc. #1, PAGE ID # 4.) BANA and LSR supported their memorandum in opposition with an affidavit of Ms. Hill wherein she swore she was duly authorized to execute the false assignment of mortgage. Exhibit A. BANA and LSR dismissed the foreclosure action one day before the evidentiary hearing where Ms. Hill would have been compelled to testify. (Compl. p. 5, Doc. #1, PAGE ID # 5.) Mr. Slorp filed his Complaint on June 7, 2012, within the one-year limitation period. Thus, at least one of his alleged FDCPA violations was not barred by the statute of limitation. Accordingly, this Court should reverse the district court's judgment.

**V.     The district court erred granting Defendants' Motions to Dismiss because Mr. Slorp stated a claim under the Ohio CSPA.**

"[T]he filing of deceptive lawsuits violates the" Ohio CSPA. *Turner v. Lerner, Sampson & Rothfuss*, 776 F.Supp.2d 498, 510 (N.D. Ohio 2011). Further, violating the FDCPA has been determined by an Ohio district court to violate the CSPA, and that decision was made available for public inspection under Ohio

Revised Code § 1345.05(A)(3). *Becker v. Montgomery Lynch,* PIF 10002153 (2003), available at http://www.opif.ag.state.oh.us/opifimages/PIF2153.pdf. Likewise, violating the FDCPA by filing a false assignment of mortgage is a violation of the CSPA.

Moreover, based upon the allegations within the Complaint and the attached exhibits, BANA is a debt collector because it attempted to collect a debt payable to Countrywide Bank, FSB. Likewise, LSR, as BANA's agent, would be a debt collector and susceptible not only to the FDCPA, but the CSPA, too. "Ohio courts have found repeatedly that the OCSPA governs [debt collectors]." *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 809 (S.D. Ohio 2006). *See*, *also*, *Celebrezze v. United Research, Inc.,* 19 Ohio App.3d 49, 482 N.E.2d 1260 (1984) (holding that a collection agency who filed suit against debtors is a "supplier"); *State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.,* Case No. CV863–1158, 1986 WL 363150 (Ohio Comm. Pl. 1986) (finding that a company engaging in the business of collecting consumer debts is a "supplier"); *Schroyer v. Frankel,* 197 F.3d 1170, 1177 (6th Cir.1999) (holding that "the definition of 'supplier' under the OCSPA is substantially broader than the definition of 'debt collector' under the FDCPA"). "Under well-settled Ohio and federal case law, [LSR] qualif[ies] as [a] 'supplier[]' under the OCSPA because [it is] engaged in the business of collecting consumer debts." *Foster* at 809.

Accordingly, Mr. Slorp stated a claim upon which relief may be granted under the Ohio CSPA, and this Court should reverse the judgment below.

**VI.  The district court erred in granting Defendants' Motions to dismiss because Mr. Slorp stated a claim for falsification and conspiracy under Ohio law.**

The district court erred when it held Mr. Slorp did not state a claim for falsification under Ohio Revised Code § 2921.13 because it is a criminal statute. Consequently, the district court also erred when it held Mr. Slorp did not state a claim for civil conspiracy because his conspiracy claim was based on falsification. Ohio Revised Code § 2921.13(G) specifically provides for a civil remedy when a person engages in falsification:

> (G) A person who violates this section **is liable in a civil action to any person harmed by the violation** for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section. (Emphasis added.)

The district court relied *Hershey v. Edelman*, 187 Ohio App.3d 400, 2010-Ohio-1992, 932 N.E.2d 386 (10th Dist.) and *Replogle v. Montgomery Cty.,* No. 3:09-cv-102, 2009 WL 1406686 (S.D. Ohio May 19, 2009) for the proposition that Ohio Revised Code § 2921.13 is criminal and cannot afford civil liability to an

aggrieved party.  Yet the plain language of the statute provides otherwise, and the cases the district court relied on are not controlling.

"The rule is that when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply the rules of statutory interpretation."  *DOE et al. v. Marlington Local School District Board of Education,* 122 Ohio St.3d 12, 2009-Ohio-3601, 907 N.E.2d 706, ¶ 18, citing *State ex rel. Jones v. Conrad,* 92 Ohio St.3d 389, 392, 750 N.E.2d 583 (2001).  Here, the statute is clear: any person who *commits* falsification, under any subsection of Ohio Revised Code § 2921.13 is liable to the aggrieved party in a civil action. That is, Ohio's General Assembly specifically provided Mr. Slorp with a civil remedy against Defendants for their participation in the falsification of the assignment.  There is no requirement in Ohio Revised Code 2921.13(G) that there be pending criminal charges or a conviction as a predicate to the civil action.  The only predicates to the initiation of a civil action are a violation of the statute and damages to a party.

Thus, the district court erred in dismissing Mr. Slorp's falsification and civil conspiracy claims.  Accordingly, this Court should reverse the judgment below.

**VII.   The district court erred in denying Mr. Slorp leave to amend his complaint because his proposed Amended Complaint stated a claim under RICO.**

The district court erred when it held Mr. Slorp failed to plead a plausible RICO claim because he failed to allege an injury.  (Order p. 16-17, Doc #31, PAGE ID #16-17.)   As with its decision on the 12(b)(6) motions, discussed above, the district court based this conclusion on its factual assumptions that "Plaintiff has not made payment on his mortgage for almost three years; no other entity has attempted to enforce the note; Plaintiff named all of the parties to the assignment of his mortgage as defendants in this case, and they all seek to support the assignment's validity."  *Id.*

However, Mr. Slorp did not allege any of these facts in the Amended Complaint, which were taken verbatim from LSR and Ms. Hill's memorandum in opposition to Mr. Slorp's motion for leave.  None of these facts were judicially established; the judgment in the foreclosure action was vacated pursuant to Ohio Civil Rule 60(B).  Exhibit B.  The district court had an obligation to make all factual inferences in favor of Mr. Slorp, and grant him leave to amend his complaint so long as the underlying facts and circumstances *may be* a proper subject for relief.  *Davis*, 371 U.S. 178 at 182.

Even if Mr. Slorp was in default, this does not warrant the conclusion that he necessarily suffered no damages from Defendants' fraud on the court.  Mr. Slorp's

34

damages flow from Defendant's tortious conduct. Defendants would not have been able to maintain the foreclosure action if they had not created and filed the false assignment.

Mr. Slorp also alleged BANA falsely claimed it had standing as the holder of the Note. If BANA did not have standing under the Note, Mr. Slorp could be subject to double liability, because under Ohio Revised Code § 1303.67, the borrower must make payments to the party actually holding rights to enforce the note in order to receive credit for those payments.

Construing the facts in the light most favorable to Mr. Slorp, the district court could not conclude he suffered no damages as a result of the wrongful foreclosure action, and it therefore erred in denying him leave to file his Amended Complaint.

### A. Mr. Slorp pled each element of a civil RICO claim.

Further, Mr. Slorp properly pled a civil RICO claim. Mr. Slorp alleged that Defendants engaged in a pattern of racketeering activity, and committed Fraud by Wire, Radio, or Television under 18 U.S.C. § 1343 and Fraud and Swindles under 18 U.S.C. § 1341. (2nd Amd. Compl. p. 9, Doc #26, PAGE ID #238.)

RICO prohibits any person associated with any enterprise the activities of which affect interstate commerce from conducting or participating in the conduct of such enterprise's affairs through a pattern of racketeering activity. 18 U.S.C.

1692(c).  This Court has held that a corporation cannot be liable under RICO for participating in the affairs of an enterprise that consists solely of its own subdivisions, agents, or members.  *Davis v. Mutual Life Insurance Co. of New York,* 6 F.3d 367, 377 (6th Cir.1993).  Here, Mr. Slorp alleged that the four Defendants and other entities are linked in an ongoing association that forms an enterprise as defined by 18 U.S.C. § 1961(4).  (2nd Amd. Compl. p. 8, Doc #26, PAGE ID #237.)

The definition of enterprise is not limited to Mafia-type groups of perpetrators, as the "enterprise" may be the vehicle through which the unlawful activity is committed.  *See National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 259 (1995).  Moreover, government agencies may be enterprises for RICO purposes.  *United States v. Freeman,* 6 F.3d 586, 597 (9th Cir.1993).

Here, Mr. Slorp alleged that LSR, BANA, MERS, and Ms. Hill were each a person as defined by 18 U.S.C. § 1961(3). (2nd Amd. Compl. p. 8, Doc #26, PAGE ID #237.)  Additionally, Mr. Slorp alleged that Defendants' pattern of use of the Franklin County, Ohio Court of Common Pleas, Recorder, and the Clerk of Court in furtherance of their racketeering activity sufficiently linked them to an enterprise as defined in RICO.  *Id.*  Thus, Mr. Slorp sufficiently alleged a distinction between each liable person, and the enterprise in which each Defendant participates.

Mr. Slorp alleged that Defendants unlawfully executed and caused to be recorded a fraudulent assignment, which they took no action to correct, amend, or substitute.  (2nd Amd. Compl. p. 9, Doc #26, PAGE ID #238.)  Defendants communicated with Mr. Slorp, with each other, and with the Court of Common Pleas, the Clerk of Court, and the Recorder of Franklin County, Ohio via mail, telephone, wire, and electronic mail communications to communicate their false representations in furtherance of their scheme to defraud Mr. Slorp. (2nd Amd. Compl. p. 9-10, Doc #26, PAGE ID #238-239.)  Mr. Slorp alleged that Defendants' actions had similar purposes, results, participants, victims, and methods of communication. (2nd Amd. Compl. p. 12, Doc #26, PAGE ID #241.) Additionally, Mr. Slorp alleged Defendants had caused other fraudulent mortgage assignments to be executed to support other identified wrongful foreclosure actions in Franklin County, Ohio, as part of their regular way of conducting business. *Id.*

Thus, the predicate acts were sufficiently related to constitute a pattern of racketeering activity under RICO.  Mr. Slorp stated a plausible claim for relief under RICO, and the district court erred in denying him leave to file his Amended Complaint on grounds of futility, based on factual assumptions favorable to Defendants.  Accordingly, this Court should reverse the judgment below.

## CONCLUSION

For the forgoing reasons, the district court erred in granting Defendants' Motions to dismiss, and in denying Mr. Slorp leave to file his Amended Complaint, and Mr. Slorp respectfully requests this Court reverse the decision of the district court and remand this case for further proceedings.

Respectfully submitted,

*/s/ Troy J. Doucet*
Troy J. Doucet (0086350)
DOUCET & ASSOCIATES, INC.
4200 Regent Street; Suite 200
Columbus, Ohio 43219
Telephone: (614) 944-5219
Fax: (818) 638-5548
Email: troy@troydoucet.com
*Attorney for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. of App. P. 32(a)(7)(B)-(C) and Sixth Circuit Rule 32(a), the undersigned certifies that the forgoing Reply Brief complies with the applicable type-volume limitation set forth in Fed. R. App. R. 32(a)(7)(B).

1. This brief complies with the type-volume limitation because it contains 9,166 words, including footnotes but excluding the parts of the brief exempted by Fed. R. of App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements because it has been prepared in a proportional typeface, Times New Roman, in 14 point font in text and 14 point font in footnotes. This brief was prepared using Microsoft Word.

*/s/ Troy J. Doucet*

Troy J. Doucet (0086350)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 20, 2013, the forgoing was electronically filed with the Court's electronic filing system, which will send a notice of the electronic filing to the following:

James Wertheim, Esq.
Rose Marie Fiore, Esq.
McGlinchey Stafford PLLC
25550 Chagrin Blvd., Ste. 406
Cleveland, Ohio 44122
*Attorneys for Bank of America, N.A.*
*and Mortgage Electronic Registration Systems, Inc.*

Rick D. DeBlasis, Esq.
Kimberlee Rohr, Esq.
Lerner, Sampson & Rothfuss
120 E. Fourth Street, Ste. 800
Cincinnati, Ohio 45202
*Attorneys for Lerner, Sampson & Rothfuss,*
*A Legal and Professional Association,*
*and Ms. Shellie Hill.*

*/s/ Troy J. Doucet*
Troy J. Doucet (0086350)

**ADDENDUM: DESIGNATION OF RELEVANT DOCUMENTS**

Complaint
United States District Court, Southern District of Ohio, Eastern Division
Record No. 1, filed 6/7/12, PAGE ID # 1

Motion to Dismiss for Failure to State a Claim
United States District Court, Southern District of Ohio, Eastern Division
Record No. 9, filed 8/7/12, PAGE ID # 52

Motion to Dismiss for Failure to State a Claim
United States District Court, Southern District of Ohio, Eastern Division
Record No. 12, filed 8/7/12, PAGE ID # 73

Response in Opposition re Motion to Dismiss for Failure to State a Claim
United States District Court, Southern District of Ohio, Eastern Division
Record No. 16, filed 9/11/12, PAGE ID # 102

Response in Opposition re Motion to Dismiss for Failure to State a Claim
United States District Court, Southern District of Ohio, Eastern Division
Record No. 17, filed 9/11/12, PAGE ID # 134

Reply to Response in Opposition re Motion to Dismiss for Failure to State a Claim
United States District Court, Southern District of Ohio, Eastern Division
Record No. 18, filed 9/25/12, PAGE ID # 145

Reply to Response in Opposition re Motion to Dismiss for Failure to State a Claim
United States District Court, Southern District of Ohio, Eastern Division
Record No. 19, filed 9/25/12, PAGE ID # 155

Motion for Leave to File
United States District Court, Southern District of Ohio, Eastern Division
Record No. 25, filed 1/21/13, PAGE ID # 225

Amended Complaint
United States District Court, Southern District of Ohio, Eastern Division
Record No. 26, filed 1/21/13, PAGE ID # 230

Response in Opposition re Motion for Leave to File
United States District Court, Southern District of Ohio, Eastern Division

Record No. 27, filed 2/8/13, PAGE ID # 295

Response in Opposition re Motion for Leave to File
United States District Court, Southern District of Ohio, Eastern Division
Record No. 28, filed 2/11/13, PAGE ID # 324

Reply to Response in Opposition re Motion for Leave to File
United States District Court, Southern District of Ohio, Eastern Division
Record No. 29, filed 2/22/13, PAGE ID # 331

Reply to Response in Opposition re Motion for Leave to File
United States District Court, Southern District of Ohio, Eastern Division
Record No. 30, filed 2/25/13, PAGE ID # 338

Order on Motion to Dismiss for Failure to State a Claim
United States District Court, Southern District of Ohio, Eastern Division
Record No. 31, filed 3/8/13, PAGE ID # 349

Clerk's Judgment
United States District Court, Southern District of Ohio, Eastern Division
Record No. 32, filed 3/8/13, PAGE ID # 366

Notice of Appeal
United States District Court, Southern District of Ohio, Eastern Division
Record No. 33, filed 4/3/13, PAGE ID # 367

201027271
(jbm)

## COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | |
|---|---|
| BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP | Case No. 10CVE 07 010645 |
| Plaintiff, | Judge Mark Serrott |
| -vs- | AFFIDAVIT OF SHELLIE HILL |
| Rick A. Slorp, et al. | |
| Defendants. | |

STATE OF OHIO )
                  ) SS:
COUNTY OF HAMILTON )

The undersigned, after being duly sworn and cautioned, swears and deposes as follows:

1.    I, Shellie Hill, am competent to make this affidavit, and make this affidavit based upon my personal knowledge and my review of records kept in the ordinary course of business.

2.    I was duly appointed by Mortgage Electronic Registration Systems, Inc. ("MERS") as an Assistant Secretary and Vice President pursuant to a Corporate Resolution dated June 19, 2009. A copy of the MERS Corporate Resolution is attached hereto as Exhibit "A."

Appellate Ex. A

3.      I have examined the Assignment of Mortgage dated July 9, 2010, from Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Bank, FSB, its successor and assigns, to BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. A copy of that Assignment of Mortgage is attached hereto as Exhibit "B."

4.      I now affirm that the signature appearing on the Assignment of Mortgage attached hereto as Exhibit "B" is my own; that I signed that document on the date appearing thereon; that I am personally familiar with the notary public whose name also appears on that Exhibit; and that I properly acknowledged my signature to her.

5.      I was duly authorized by MERS to execute the Assignment of Mortgage which is Exhibit "B" hereto on the date I executed that document.

FURTHER AFFIANT SAYETH NAUGHT.

Shellie Hill

Sworn to and subscribed before me a notary public, in my presence this $30$ day of August, 2011.

Notary Public

KAREN L. JAMES
Notary Public, State of Ohio
My Commission Expires
March 24, 2015

2

## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

### CORPORATE RESOLUTION

Be it Resolved that the attached list of candidates are employee(s) of **Lerner Sampson & Rothfuss, LPA** and are hereby appointed as assistant secretaries and vice presidents of Mortgage Electronic Registration Systems, Inc., and as such, are authorized to:

Execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the Member, including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process;

Assign the lien of any mortgage loan registered on the MERS® System that is shown to be registered to **BAC Home Loans Servicing, LP** or its designee.

I, **William C. Hultman**, being the <u>Corporate Secretary</u> of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the **19** day of *June*, 2009, which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

Secretary

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

EXHIBIT

A

Bunburg No. 5200

**Lerner Sampson & Rothfuss, LPA**
(for BAC Home Loans Servicing, LP #1000157)

**Mortgage Electronic Registration Systems, Inc.**
**Certifying Officers**
(effective 9/19/09 )

Shellie Hill

Karen Smith

201007200091045
.Pgs: 2    $32.00    T2010C040189
07/20/2010 8 49AM   MEPLERNER SAM
Robert G  Montgomery
Franklin County Recorder

LS&R No.: 201027271
CHL

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that the undersigned, **Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, its successors and assigns**, whose address is 3300 SW 34th Ave., Suite 101, Ocala, FL 34474, does hereby assign to **BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.**, whose address is 7105 Corporate Drive, Mail Stop PTX-C-35, Plano, TX 75024, all of its interest in that certain mortgage from Rick A. Slorp, an unmarried man, to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, its successors and assigns, dated December 14, 2007, recorded January 8, 2008, in Instrument No. 200801080003877, in the office of the Franklin County Recorder, and secured by the following real estate:

### LEGAL DESCRIPTION

SITUATED IN THE COUNTY OF FRANKLIN, IN THE STATE OF OHIO, AND IN THE CITY OF DUBLIN:

BEING LOT NUMBER ONE HUNDRED THIRTY-SEVEN (137) IN BALLYMEAD AT DUBLIN PART 1, SECTION 3, AS THE SAME IS NUMBERED AND DELINEATED UPON THE RECORDED PLAT THEREOF, OF RECORD IN PLAT BOOK 61, PAGES 61 THRU 63, RECORDER'S OFFICE, FRANKLIN COUNTY, OHIO.

PARCEL NUMBER: 590-197883

PROPERTY ADDRESS: 5599 COOGAN PLACE, DUBLIN, OH 43016



EXHIBIT
B



IN WITNESS WHEREOF, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, its successors and assigns has set its hand on the date set forth below.

Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, its successors and assigns

By: _____
Shellie Hill,
Assistant Secretary and Vice President

STATE OF    OHIO

SS.

COUNTY OF HAMILTON

On ⁊|9|10 before me _____**Shelley R. Dirr**_____, Notary Public, State of _____Ohio_____, personally appeared Shellie Hill, Assistant Secretary and Vice President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public
My Commission Expires:

This instrument was prepared by:
LERNER, SAMPSON & ROTHFUSS
A Legal Professional Association
P.O. Box 5480
Cincinnati, OH 45201-5480

**SHELLEY R. DIRR**
Notary Public, State of Ohio
My Commission Expires
March 19, 2013

COURT OF COMMON PLEAS
FRANKLINCOUNTY, OHIO

BAC Home Loans Servicing, LP f/k/a     Case No. 10CVE 07 010645
Countrywide Home Loans Servicing LP,
                                       Judge Mark Serrott
                    Plaintiff,

        -vs-                           **ENTRY VACATING JUDGMENT
                                       AND DISMISSING COMPLAINT**

Rick A. Slorp, et al.,

                    Defendants.

        This matter is before the Court on the Defendant's Motion for Relief from

Judgment, filed July 28, 2011, and the Plaintiff's agreement. Accordingly, the Judgment

and Decree in Foreclosure entered herein is set asidepursuant to Civ.R. 60(B), and the

Plaintiff's Complaint is dismissed without prejudice pursuant to Civ.R. 41(A)(2) at

Plaintiff's cost.

                                       _____
                                       JUDGE MARK SERROT

Prepared by:

    /s/ Rick D. DeBlasis
Rick D. DeBlasis (#0012992)
Kimberlee S. Rohr (#0084207)
LERNER, SAMPSON & ROTHFUSS
120 East Fourth Street, Suite 800
Cincinnati, OH45202
(513) 412-6614
(513) 354-6765 – fax
rdd@lsrlaw.com

Copies to:    Rick D. DeBlasis, Esq. and Kimberlee S. Rohr, Esq., *Counsel for Plaintiff*
              Troy J. Doucet, Esq., *Counsel for Defendant Rick Slorp*
              David M. Neubauer, Esq., *Counsel for Defendant Rick Slorp*
              Adria L. Fields, Esq., *Counsel for Treasurer*
              Donn Rosenblum, Esq., *Counsel for State of Ohio*

                                                    Appellate Ex. B

Franklin County Court of Common Pleas

**Date:**            03-15-2012

**Case Title:**      BANK AMERICA NATIONAL ASSOCIATION -VS- RICK A
                     SLORP

**Case Number:**     10CV010645

**Type:**            ENTRY

It Is So Ordered.

*Mark Serrott*

/s/ Judge Mark Serrott

Court Disposition

Case Number: 10CV010645

Case Style: BANK AMERICA NATIONAL ASSOCIATION -VS- RICK A SLORP

Motion Tie Off Information:

1. Motion CMS Document Id: 10CV0106452011-07-2899980000
   Document Title: 07-28-2011-MOTION FOR RELIEF FROM JUDGEMENT
   Disposition: MOTION IS MOOT


2. Motion CMS Document Id: 10CV0106452012-02-1399960000
   Document Title: 02-13-2012-MOTION TO QUASH
   Disposition: MOTION IS MOOT

201027271
(jbm)

## COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | |
|---|---|
| BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP | Case No. 10CVE 07 010645 |
| Plaintiff, | Judge Mark Serrott |
| -vs- | AFFIDAVIT OF SHELLIE HILL |
| Rick A. Slorp, et al. | |
| Defendants. | |

STATE OF OHIO )
) SS:
COUNTY OF HAMILTON )

The undersigned, after being duly sworn and cautioned, swears and deposes as

follows:

1.   I, Shellie Hill, am competent to make this affidavit, and make this affidavit based

upon my personal knowledge and my review of records kept in the ordinary course

of business.

2.   I was duly appointed by Mortgage Electronic Registration Systems, Inc.

("MERS") as an Assistant Secretary and Vice President pursuant to a Corporate

Resolution dated June 19, 2009. A copy of the MERS Corporate Resolution is

attached hereto as Exhibit "A."

Appellate Ex. A

3.   I have examined the Assignment of Mortgage dated July 9, 2010, from Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Bank, FSB, its successor and assigns, to BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. A copy of that Assignment of Mortgage is attached hereto as Exhibit "B."

4.   I now affirm that the signature appearing on the Assignment of Mortgage attached hereto as Exhibit "B" is my own; that I signed that document on the date appearing thereon; that I am personally familiar with the notary public whose name also appears on that Exhibit; and that I properly acknowledged my signature to her.

5.   I was duly authorized by MERS to execute the Assignment of Mortgage which is Exhibit "B" hereto on the date I executed that document.

FURTHER AFFIANT SAYETH NAUGHT.

Shellie Hill

Sworn to and subscribed before me a notary public, in my presence this $30$ day of August, 2011.

Notary Public

KAREN L. JAMES
Notary Public, State of Ohio
My Commission Expires
March 24, 2015

2

## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

### CORPORATE RESOLUTION

Be it Resolved that the attached list of candidates are employee(s) of **Lerner Sampson & Rothfuss, LPA** and are hereby appointed as assistant secretaries and vice presidents of Mortgage Electronic Registration Systems, Inc., and as such, are authorized to:

Execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the Member, including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process;

Assign the lien of any mortgage loan registered on the MERS® System that is shown to be registered to **BAC Home Loans Servicing, LP** or its designee.

I, **William C. Hultman**, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the _19_ day of _June_, 2009, which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

Secretary

EXHIBIT

A

Bumberg No. 5230

**Lerner Sampson & Rothfuss, LPA**
(for BAC Home Loans Servicing, LP #1000157)

**Mortgage Electronic Registration Systems, Inc.**
**Certifying Officers**
(effective 9/19/09 )

Shellie Hill

Karen Smith

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

201007200091045
.Pgs: 2    $32.00    T2010C040189
07/20/2010 8 49AM   MEPLERNER SAM
Robert G. Montgomery
Franklin County Recorder

LS&R No.: 201027271
CHL

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that the undersigned, **Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, its successors and assigns**, whose address is 3300 SW 34th Ave., Suite 101, Ocala, FL 34474, does hereby assign to **BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.**, whose address is 7105 Corporate Drive, Mail Stop PTX-C-35, Plano, TX 75024, all of its interest in that certain mortgage from Rick A. Slorp, an unmarried man, to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, its successors and assigns, dated December 14, 2007, recorded January 8, 2008, in Instrument No. 200801080003877, in the office of the Franklin County Recorder, and secured by the following real estate:

### LEGAL DESCRIPTION

SITUATED IN THE COUNTY OF FRANKLIN, IN THE STATE OF OHIO, AND IN THE CITY OF DUBLIN:

BEING LOT NUMBER ONE HUNDRED THIRTY-SEVEN (137) IN BALLYMEAD AT DUBLIN PART 1, SECTION 3, AS THE SAME IS NUMBERED AND DELINEATED UPON THE RECORDED PLAT THEREOF, OF RECORD IN PLAT BOOK 61, PAGES 61 THRU 63, RECORDER'S OFFICE, FRANKLIN COUNTY, OHIO.

PARCEL NUMBER: 590-197883

PROPERTY ADDRESS: 5599 COOGAN PLACE, DUBLIN, OH 43016



EXHIBIT
B



IN WITNESS WHEREOF, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, its successors and assigns has set its hand on the date set forth below.

> Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, its successors and assigns
>
> By: _____
> Shellie Hill,
> Assistant Secretary and Vice President

STATE OF   OHIO

                              SS.

COUNTY OF HAMILTON

On __9/10__ before me _____ **Shelley R. Dirr** _____, Notary Public, State of __Ohio__, personally appeared Shellie Hill, Assistant Secretary and Vice President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public
My Commission Expires:

This instrument was prepared by:
LERNER, SAMPSON & ROTHFUSS
A Legal Professional Association
P.O. Box 5480
Cincinnati, OH 45201-5480

SHELLEY R. DIRR
Notary Public, State of Ohio
My Commission Expires
March 19, 2013

## COURT OF COMMON PLEAS
## FRANKLINCOUNTY, OHIO

BAC Home Loans Servicing, LP f/k/a
Countrywide Home Loans Servicing LP,

Plaintiff,

Case No. 10CVE 07 010645

Judge Mark Serrott

-vs-

Rick A. Slorp, et al.,

Defendants.

### ENTRY VACATING JUDGMENT
### AND DISMISSING COMPLAINT

This matter is before the Court on the Defendant's Motion for Relief from
Judgment, filed July 28, 2011, and the Plaintiff's agreement. Accordingly, the Judgment
and Decree in Foreclosure entered herein is set asidepursuant to Civ.R. 60(B), and the
Plaintiff's Complaint is dismissed without prejudice pursuant to Civ.R. 41(A)(2) at
Plaintiff's cost.

_____

JUDGE MARK SERROT

Prepared by:

/s/ Rick D. DeBlasis
Rick D. DeBlasis (#0012992)
Kimberlee S. Rohr (#0084207)
LERNER, SAMPSON & ROTHFUSS
120 East Fourth Street, Suite 800
Cincinnati, OH45202
(513) 412-6614
(513) 354-6765 – fax
rdd@lsrlaw.com

Copies to:    Rick D. DeBlasis, Esq. and Kimberlee S. Rohr, Esq., *Counsel for Plaintiff*
Troy J. Doucet, Esq., *Counsel for Defendant Rick Slorp*
David M. Neubauer, Esq., *Counsel for Defendant Rick Slorp*
Adria L. Fields, Esq., *Counsel for Treasurer*
Donn Rosenblum, Esq., *Counsel for State of Ohio*

Appellate Ex. B

Franklin County Court of Common Pleas

**Date:**           03-15-2012

**Case Title:**     BANK AMERICA NATIONAL ASSOCIATION -VS- RICK A
                    SLORP

**Case Number:**    10CV010645

**Type:**           ENTRY

It Is So Ordered.

*Mark Serrott*

/s/ Judge Mark Serrott

Electronically signed on 2012-Mar-15    page 2 of 2

Court Disposition

Case Number:  10CV010645

Case Style:  BANK AMERICA NATIONAL ASSOCIATION -VS- RICK A SLORP

Motion Tie Off Information:

1. Motion CMS Document Id: 10CV0106452011-07-2899980000
   Document Title: 07-28-2011-MOTION FOR RELIEF FROM JUDGEMENT
   Disposition: MOTION IS MOOT


2. Motion CMS Document Id: 10CV0106452012-02-1399960000
   Document Title: 02-13-2012-MOTION TO QUASH
   Disposition: MOTION IS MOOT